**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RHONDIA MILLINGS, DAWN ADAMS,** ) | |
| **ARMANDO TREJO, MIA POSEY and** ) | **Case No. 20-cv-7711** |
| **SHADRIEKA JOHNSON, for themselves** ) | |
| **and all others similarly situated,** ) | |
| **Plaintiffs,** ) | |
| **v.** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **TRANSDEV NORTH AMERICA, INC.,** ) | |
| **Defendant.** ) | |

## COLLECTIVE AND CLASS ACTION COMPLAINT

Rhondia Millings, Dawn Adams, Armando Trejo, Mia Posey and Shadrieka Johnson ("Plaintiffs") hereby make the following allegations against Transdev North America, Inc. ("Defendant") concerning their acts and status upon actual knowledge and concerning all other matters upon information, belief and the investigation of their counsel:

## NATURE OF THE ACTION

1.     Defendant's business includes providing public transportation services nationwide. Plaintiffs, former Transdev Drivers, bring this action for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), and the state laws of California, Maryland and Ohio, challenging common timekeeping and compensation policies and practices that denied regular and overtime wage payments due to Defendant's Drivers for work they performed with Defendant's knowledge and for Defendant's benefit.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§ 1331.

3.      This Court has supplemental jurisdiction over Plaintiffs' Maryland and California state-law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**THE PARTIES**

5.      Plaintiff Rhondia Millings is an adult citizen of Maryland who resides in Baltimore County.  Ms. Millings worked as a full-time, hourly Transdev Driver in Maryland from February 8, 2018 to August 2, 2020.  Ms. Millings is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint and has signed and filed a Consent Form to join this litigation.  *See* Millings Consent Form (Exhibit A).

6.      Plaintiff Dawn Adams is an adult citizen of Maryland who resides in Baltimore County.  Ms. Adams worked as a full-time, hourly Transdev Driver in Maryland from October 2018 to November 2018.  Ms. Adams is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint and has signed and filed a Consent Form to join this litigation.  *See* Adams Consent Form (Exhibit B).

7.      Plaintiff Armando Trejo is an adult citizen of California who resides in Yolo County.  Mr. Trejo worked as a full-time, hourly Transdev Driver in California from 2017 to 2019.  Mr. Trejo is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint and has signed and filed a Consent Form to join this litigation.  *See* Trejo Consent Form (Exhibit C).

8.      Plaintiff Mia Posey is an adult citizen of California who resides in Alameda County.  Ms. Posey worked as a full-time, hourly Transdev Driver in California from June 2018 to July 2019.  Ms. Posey is personally familiar with, and has been personally affected by, the policies and

practices described in this Complaint and has signed and filed a Consent Form to join this litigation.  *See* Posey Consent Form (Exhibit D).

9.      Plaintiff Shadrieka Johnson is an adult citizen of Ohio who resides in Erie County. Ms. Johnson worked as a full-time, hourly Transdev Driver in Ohio from March 2019 to June 2019. Ms. Johnson is personally familiar with, and has been personally affected by, the policies and practices described in this Complaint and has signed and filed a Consent Form to join this litigation.  *See* Johnson Consent Form (Exhibit E).

10.      Transdev North America, Inc. ("Defendant") is an Illinois Corporation based in Lombard, IL.  *See https://transdevna.com/about-us/contact/* (accessed November 5, 2020). Transdev claims to be "the largest private provider of multiple modes of transport in North America" and to have an "18,000-person workforce across our North American operations."  *See https://transdevna.com/about-us/key-facts/* (accessed November 5, 2020).  Transdev's Transit Division provides public bus transportation services in approximately seventeen states, including: Arizona, California, Colorado, Georgia, Illinois, Indiana, Maryland, Michigan, Mississippi, Missouri, New Jersey, New York, North Carolina, Pennsylvania, South Carolina, Texas and Virginia.  *See https://en.wikipedia.org/wiki/Transdev# Central_Europe* (accessed November 5, 2020); *https://drivers.transdevna.jobs/* (accessed November 5, 2020).

11.      Throughout the relevant period, Defendant has owned and exercised operational control over all significant business functions relating to its Bus Drivers, including: setting and implementing the compensation, hours of work, overtime and timekeeping policies and practices at issue in this matter, providing training on these policies and practices, scheduling their work, tracking their work time and setting and paying their wages.

## BACKGROUND FACTS

12. Defendant's Drivers provide fixed-route, public transportation services, typically in passenger busses or trolleys.

13. Defendant maintains common work, compensation, hours of work, overtime and timekeeping policies and practices for all Transdev Drivers nationwide.

### Failure to Pay for Drivers' Pre-Shift Work

14. Defendant assigns its Drivers a fixed start-time each day (*i.e.,* 4:15a.m.), which represents the time they are expected to drive their assigned vehicle out of their assigned depot and begin their route.

15. To begin their route on time, Defendant's Drivers must arrive at work at least 15-20 minutes before their fixed start-time to perform work-related activities that include: walking from the depot parking lot to the dispatch office to receive their vehicle assignment, walking back from the dispatch office to the parking lot to find their assigned vehicle, performing a pre-trip inspection (*i.e.,* checking the exterior and interior of the vehicle for damage, checking the fuel level, cleaning the vehicle, etc…) and walking back to the dispatch office to receive their daily manifest – at which point the Dispatcher records their daily start-time for payroll purposes.

16. Following this required procedure causes Defendant's Dispatchers to record daily start-times for Drivers that are at least 15-20 minutes after the time they start working each day. For Drivers working a 40-hour week, wages for these additional minutes (approximately 1.5 to 2 hours per week) would be owed at an overtime premium rate.

17. Defendant could easily avoid or minimize this pre-shift timekeeping error by requiring Drivers to clock-in upon arriving at the depot, or requiring Dispatchers to record the time Drivers arrive at the dispatch office or receive their vehicle assignment as their daily start-time.

4

**Failure to Pay for Drivers' Post-Shift Work**

18.     As soon as they return their vehicle to the depot at the end of their route, Defendant's Drivers use their vehicle's GPS tracker to record their daily end-time for payroll purposes.

19.     After its Drivers clock-out, Defendant requires them to perform work-related activities that include: waiting in line to re-fuel their vehicle and re-fueling their vehicle, parking their vehicle, performing a post-trip inspection (*i.e.,* checking the exterior and interior of the vehicle for damage, cleaning the vehicle, etc…), completing all required paperwork, walking from the depot parking lot to the dispatch office, waiting in line to turn-in their paperwork and turning-in their paperwork.

20.     Following this required procedure causes Defendant's Drivers to record daily end-times that are at least 25 minutes before the time they finish working each day.  For Drivers working a 40-hour week, wages for these additional minutes (approximately 2 to 2.25 hours per week) would be owed at an overtime premium rate.

21.      Defendant could easily avoid or minimize this post-shift timekeeping error by requiring Drivers to clock-out as they leave the depot, or requiring Dispatchers to record the time Drivers turn in their paperwork as their daily end-time.

**Failure to Pay for Drivers' Meal Break Work**

22.     Defendant automatically-deducts 30 minutes from its Drivers' daily work time each day, representing their unpaid 30-minute meal break.

23.     About once a week, due to scheduling, staffing or workload issues, Defendant requires its Drivers to continue driving during their meal break, either to cover their assigned route or drive an additional route.

24.     When Defendant instructs a Driver to continue driving during a meal break, it does not take any steps to reverse the automatic meal break time deduction or otherwise ensure the Driver is paid for their meal break work, meaning that Drivers are deprived of 30 minutes' pay each time their meal break is interrupted by work.  For Drivers working a 40-hour week, wages for these interrupted meal breaks would be owed at an overtime premium rate.

25.     Defendant could easily avoid or minimize this meal break timekeeping error by taking a meal break time deduction only when Drivers affirmatively indicate they have received a full meal break during their shift, or by maintaining a procedure that requires Drivers to reverse the meal break time deduction on days they work during their meal break.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

### FLSA Collective Action Allegations

26.     Plaintiffs bring their FLSA claim on an opt-in, collective basis pursuant to 29 U.S.C. § 216(b) for all people who have worked as a Transdev Driver in any location nationwide during the maximum limitations period (the "FLSA collective").  Plaintiffs reserve the right to amend this definition as necessary.

27.     Plaintiffs belong to the FLSA Collective, because they worked as Transdev Drivers during the relevant period.

28.     The FLSA Collective is "similarly situated," as defined by 29 U.S.C. § 216(b), because its members performed similar jobs under similar scheduling, timekeeping and compensation policies and practices.

29.     Plaintiffs and the FLSA Collective members do not meet any test for exemption under the FLSA.

30.     Based on publicly-available information on Defendant's website, Plaintiffs believe the FLSA Collective may include several thousand members.  *See https://transdevna.com/about-us/key-facts/* (accessed November 5, 2020).  Defendant's payroll and personnel records, among other documents, will confirm the total number of people who qualify to participate in the FLSA Collective.

### Rule 23 Class Action Allegations

31.     Plaintiffs Millings and Adams bring additional claims under Fed. R. Civ. P. 23 for alleged violations of Maryland law for all people who have worked as Transdev Drivers in Maryland since December 24, 2017 (the "Maryland Class").

32.     Plaintiffs Trejo and Posey bring additional claims under Fed. R. Civ. P. 23 for alleged violations of California law for all people who have worked as Transdev Drivers in California since December 24, 2017 (the "California Class").

33.     Plaintiff Johnson brings additional claims under Fed. R. Civ. P. 23 for alleged violations of Ohio law for all people who have worked as Transdev Drivers in Ohio since December 24, 2018 (the "Ohio Class").

34.     Class treatment of Plaintiffs' Maryland, California and Ohio claims is  appropriate because these Classes satisfy the requirements of Fed. R. Civ. P. 23.

35.     The Maryland, California and Ohio Classes are so numerous that joinder of all their individual members would be impracticable.  During the relevant period, hundreds of people have worked as Transdev Drivers in each of these states.

36.     Plaintiffs' claims are typical of the claims belonging to  the members of their respective Classes, and no Plaintiff has any interests that are antagonistic to, or in conflict with, the interests of the members of their respective Classes.

37.     There are many questions of law and fact common to the claims of the Maryland, California and Ohio Class members because this action concerns the legality of Defendant's nationwide policies and practices as described herein.  The legality of these policies and practices will be determined by applying generally applicable legal principles to common evidence.

38.     Plaintiffs will fairly and adequately represent the interests of the Maryland, California and Ohio Class members and have retained competent and experienced counsel for this purpose.

39.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting individual Maryland, California and Ohio Class members and because a class action is superior to other available methods for the fair and efficient adjudication of these claims.

**COUNT I**
**VIOLATION OF THE FLSA**
**Unpaid Overtime Wages**
**(for the FLSA Collective)**

40.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

41.     Defendant is an "employer" as defined by 29 U.S.C. § 203(d).

42.     Plaintiffs and the FLSA Collective members are "employees" as defined by 29 U.S.C. § 203(e)(1).

43.     The wages Defendant pays to Plaintiffs and the FLSA Collective members are "wages" as defined by 29 U.S.C. § 203(m).

44.     Defendant is an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

45.     Plaintiffs and the FLSA Collective members are similarly-situated individuals within the meaning of 29 U.S.C. § 216(b).

46.     29 U.S.C. § 216(b) expressly allows private plaintiffs to bring collective actions to enforce employers' failure to comply with the FLSA's requirements.

47.     Throughout the relevant period, Defendant has been obligated to comply with the FLSA's requirements, Plaintiffs and the FLSA Collective members have been covered employees entitled to the FLSA's protections and Plaintiffs and the FLSA Collective members have not been exempt from receiving wages required by the FLSA for any reason.

48.     29 U.S.C. § 207(a)(1) requires employers to pay their employees an overtime rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours per week.

49.     Defendant has intentionally violated the FLSA by maintaining common scheduling, timekeeping and compensation policies and practices that deny its Drivers overtime wage payments due for overtime work they performed with Defendant's knowledge and for Defendant's benefit.

50.     Plaintiffs and the FLSA Collective have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for overtime work they performed that provided Defendant with a direct and substantial benefit.

51.     By engaging in this conduct, Defendant has acted with willful and/or reckless disregard for Plaintiffs' and the FLSA Collective members' rights under the FLSA.

52.     Defendant has no good faith justification or defense for the conduct detailed herein, or for failing to pay Plaintiffs and the FLSA Collective members all wages mandated by the FLSA.

## COUNT II
## VIOLATION OF CALIFORNIA LAW
### Failure to Provide Minimum and Overtime Wages
### (for the California Class)

53.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

54.     California Labor Code § 1197 states:

> The minimum wage for employees fixed by the commission or by any applicable state or local law, is the minimum wage to be paid to employees, and the payment of a lower wage than the minimum so fixed is unlawful. This section does not change the applicability of local minimum wage laws to any entity.

55.     The Industrial Welfare Commission for the State of California has set the minimum hourly wage for non-exempt workers at companies with 26 or more employees, as follows:

| Effective Date | Minimum Wage |
| --- | --- |
| January 1, 2020 | $13.00 |
| January 1, 2019 | $12.00 |
| January 1, 2018 | $11.00 |
| January 1, 2017 | $10.50 |

56.     California Labor Code § 1194 provides:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

57.     California Labor Code § 223 provides: "[w]here any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

58.     California Labor Code § 510(a) provides:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

59.     California Labor Code § 558 provides:

Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty…

60.     Throughout the relevant period, Defendant has been obligated to comply with the California Labor Code's requirements, the California Class members have been covered employees entitled to the California Labor Code's protections and the California Class members have not been exempt from receiving wages required by the California Labor Code for any reason.

61.     Defendant has intentionally violated these provisions of California law by maintaining common scheduling, timekeeping and compensation policies and practices that: fail to track Drivers' actual pre-shift, post-shift, or meal break work, or pay any wages for this work.

62.     By engaging in this conduct, Defendant has acted with willful and/or reckless disregard for the California Class members' rights under California law.

63.     Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay the California Class members all wages mandated by California law.

11

64.     The California Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of legally-required wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

**COUNT III**
**VIOLATION OF CALIFORNIA LAW**
**Failure to Provide Meal and Rest Breaks**
**(for the California Class)**

65.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

66.     California Labor Code § 226.7(b) provides: "[a]n employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or ... order of the [IWC]."

67.     California Labor Code § 226.7(c) provides:

> If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an ... order of the [IWC], ... the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

68.     Cal. Code Regs. tit. 8, § 11090, § 11(A) ("Wage Order No. 9-2001"), which applies "to all persons employed in the transportation industry whether paid on a time, piece rate, commission, or other basis" provides:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes… [and] [a]n employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

69.     Like Section 226.7(c), Wage Order 9-2001 § 11(D) requires an employer who fails to provide an employee a meal period in accordance with the wage order's provisions to pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide the employee with the meal period.

70.     Wage Order No. 9 § 12(A) provides:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours.

71.     Like Section 226.7(c), Wage Order 9-2001 § 12(B) further requires an employer who fails to provide an employee a rest period in accordance with the wage order's provisions to pay the employee one hour of pay at the employee's regular rate of compensation for each work day the employer did not provide the employee with the rest period.

72.     Defendant has violated these provisions of California law by maintaining common scheduling, timekeeping and compensation policies and practices that: fail to track Drivers' actual pre-shift, post-shift, or meal break work, or pay any wages for this work.

73.     By engaging in this conduct, Defendant has acted with willful and/or reckless disregard for the California Class members' rights under California law.

74.     Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay the California Class members all wages mandated by California law.

75.     The California Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of legally-required wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

**COUNT IV**
**VIOLATION OF CALIFORNIA LAW**
**Record-Keeping/Notice Violation**
**(for the California Class)**

76.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

77.     California Labor Code § 226(a) provides that each employer:

> shall furnish to his or her employee… an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee… (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned…

78.     Defendant has intentionally violated the California Labor Code by failing to provide the California Class members with an accurate record of the pre-shift, post-shift, or meal break work they performed, or the fact that no wages were being paid for this work.

79.     Defendant has no good faith justification or defense for the conduct detailed herein.

**COUNT V**
**VIOLATION OF CALIFORNIA LAW**
**Waiting Time Penalties**
**(for the California Class)**

80.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

81.     California Labor Code § 201(a) requires an employer who discharges an employee to pay all compensation due and owing to the employee immediately upon the employee's discharge from employment.

82.     California Labor Code § 202(a) requires an employer to pay all compensation due and owing to an employee within 72 hours of the employee's discharge from employment.

83.     California Labor Code § 203(a) provides that, if an employer willfully fails to pay all compensation due promptly upon discharge or resignation, it shall be liable for waiting time penalties in the form of continued compensation for up to 30 work days.

84.     California Labor Code § 204(a)-(b) requires an employer to pay all wages due to its employees no later than the payday for the next regular payroll period.

85.     Throughout the relevant period, Defendant has been obligated to comply with the California Labor Code's requirements, the California Class members have been covered employees entitled to the California Labor Code's protections and the California Class members have not been exempt from receiving wages required by the California Labor Code for any reason.

86.     Defendant's failure to timely pay all wages owed to California Class members who have been discharged from employment represents a clear violation of Labor Code §§ 201-204.

87.     Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay the California Class members all wages mandated by California law.

88.     The California Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of legally-required wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

**COUNT VI**
**VIOLATION OF CALIFORNIA LAW**
**Unfair Business Practices**
**(for the California Class)**

89.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

90.     California Unfair Competition Law, Business & Professions Code § 17200 prohibits businesses from engaging in unfair business practices that offend an established public policy or are immoral, unethical, oppressive, or unscrupulous.

91.     Throughout the relevant period, Defendant has been obligated to comply with the UCL's requirements, the California Class members have been covered employees entitled to the UCL's protections and the California Class members have not been exempt from receiving wages required by the UCL for any reason.

92.     Defendant's failure to pay the California Class members required wages due for their pre-shift, post-shift and meal break work constitutes an unfair business practice in violation of UCL § 17200.

93.     The California Class members have standing to bring a UCL claim because they have suffered an injury in fact as a result of Defendant's conduct because they have performed pre-shift, post-shift and meal break work without compensation as a result of Defendant's unfair business practices.

94.     Defendant has no good faith justification or defense for the conduct detailed above, or for engaging in unfair business practices prohibited by California law.

95.     The California Class members have been harmed as a direct and proximate result of the unlawful conduct described here, because they have been deprived of legally-required wages owed for work they performed and from which Defendant derived a direct and substantial benefit.

**COUNT VII**
**VIOLATION OF THE MWHL**
**Unpaid Overtime Wages**
**(for the Maryland Class)**

96.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

97.     The Maryland Class members are "employees" within the meaning of the MWHL, §3-401.

16

98. The wages sought by this action are "wages" within the meaning of the MWHL, §3-401.

99. The Maryland Class members do not meet any exception or exclusion contained in the MWHL, §3-403.

100. MWHL § 3-413(c) sets the State minimum wage rate for employers with more than 14 employees as follows:

| Effective Date | Minimum Wage |
| --- | --- |
| January 1, 2021 | $11.75 |
| January 1, 2020 | $11.00 |
| July 1, 2018 | $10.10 |
| July 1, 2017 | $9.25 |

101. MWHL § 3-420 provides that "an employer shall compute the wage for overtime under § 3-415 of this subtitle on the basis of each hour over 40 hours that an employee works during 1 workweek."

102. MWHL § 3-420 provides that "each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage, computed in accordance with § 3–420 of this subtitle."

103. Throughout the relevant period, Defendant has been obligated to comply with the MWHL's requirements, the Maryland Class members have been covered employees entitled to the MWHL's protections and the Maryland Class members have not been exempt from receiving wages required by the MWHL for any reason.

104. Defendant has violated the MWHL because of their willful failure to compensate the Maryland Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek.

105.     Defendant has no good faith justification or defense for the conduct detailed above, or for failing to pay the Maryland Class members all wages mandated by Maryland law.

106.     Defendant has willfully violated the MWHL by maintaining common scheduling, timekeeping and compensation policies and practices that deny the Maryland Class members wages owed for pre-shift, post-shift work they performed with Defendant's knowledge and for Defendant's benefit.

107.     The Maryland Class members have been harmed as a direct and proximate result of Defendant's violation of the MWHL because they have been deprived of wages owed for pre-shift, post-shift work they performed that provided Defendant with a direct and substantial benefit.

108.     Defendant has no good faith justification or defense for the conduct detailed herein, or for failing to pay Plaintiffs and the Maryland Class members all wages mandated by the MWHL.

**COUNT VIII**
**VIOLATION OF THE MWPCL**
**Unpaid Straight-Time and Overtime Wages**
**(for the Maryland Class)**

109.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

110.     Defendant is an "employer" within the meaning of the MWPCL, §3-501(b).

111.     The wages sought by this action are "wages" within the meaning of the MWPCL, §3-501(c).

112.     Throughout the relevant period, Defendant has been obligated to comply with the MWPCL's requirements, the Maryland Class members have been covered employees entitled to the MWPCL's protections and the Maryland Class members have not been exempt from receiving wages required by the MWPCL for any reason.

113.     MWPCL § 3-508 provides that an employer "may not make a deduction from the wage of an employee" except under conditions not presented in this action and shall pay the wages owed to its employees "at least once in every 2 weeks".

114.     MWPCL §§ 3-502 and 3-503 provide that an employer "may not willfully violate this subtitle."

115.     Defendant's failure to pay the Maryland Class members was not the result of a *bona fide* dispute within the meaning of MWPCL § 3-507.2(b).

116.     Defendant has willfully violated the MWPCL by maintaining common scheduling, timekeeping and compensation policies and practices that deny the Maryland Class members wages owed for pre-shift, post-shift work they performed with Defendant's knowledge and for Defendant's benefit.

117.     The Maryland Class members have been harmed as a direct and proximate result of Defendant's violation of the MWPCL because they have been deprived of wages owed for pre-shift, post-shift work they performed that provided Defendant with a direct and substantial benefit.

118.     Defendant has no good faith justification or defense for the conduct detailed herein, or for failing to pay Plaintiffs and the Maryland Class members all wages mandated by the MWPCL.

## COUNT IX
## VIOLATION OF THE MWPCL
### Record-Keeping Violation
### (for the Maryland Class)

119.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

120.     MWPCL § 3-424 provides that each employer:

"shall keep, for at least 3 years, in or about the place of employment,

a record of (1) the name, address, and occupation of each employee; (2) the rate of pay of each employee; (3) the amount that is paid each pay period to each employee; (4) the hours that each employee works each day and workweek; and (5) other information that the Commissioner requires, by regulation, as reasonable to enforce this subtitle."

121.     Defendant has intentionally violated the MWPCL by failing to keep an accurate, contemporaneous record of the Maryland Class members' actual pre-shift, post-shift, or meal break work time, or the fact that no wages were paid for this work.

122.     Defendant has no good faith justification or defense for the conduct detailed herein.

**COUNT X**
**VIOLATION OF THE OMWFSA**
**Unpaid Straight-Time and Overtime Wages**
**(for the Ohio Class)**

123.     Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

124.     Defendant is an "employer" as defined in Section 34a of Article II, Ohio Constitution.

125.     The wages Defendant pays to the Ohio Class members are "wages" as defined by the OMWFSA, O.R.C. § 4111.01(A).

126.     The Ohio Class members, while performing work for Defendant, have been engaged in an "occupation" within the meaning of the OMWFSA, O.R.C. § 4111.02.

127.     Throughout the relevant period, Defendant has been obligated to comply with the OMWFSA's requirements, the Ohio Class members have been covered employees entitled to the OMWFSA's protections and the Ohio Class members have not been exempt from receiving wages required by the OMWFSA for any reason.

128. The OMWFSA, at O.R.C. § 4111.02, requires employers to "pay each of the employer's employees at a wage rate of not less than the wage rate specified in Section 34a of Article II, Ohio Constitution."

129. The OMWFSA, at O.R.C. § 4111.03(A) requires employers to pay their employees an overtime rate, equal to at least 1½ times their regular rate of pay, for all hours worked in excess of 40 hours in one workweek.

130. Defendant has intentionally violated the OMWFSA's requirements by maintaining common scheduling, timekeeping and compensation policies and practices that deny its Drivers overtime wage payments due for overtime work they performed with Defendant's knowledge and for Defendant's benefit.

131. The Ohio Class members have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of wages owed for overtime work they performed that provided Defendant with a direct and substantial benefit.

132. By engaging in this conduct, Defendant has acted with willful and/or reckless disregard for Plaintiffs' and the Ohio Class members' rights under the OMWFSA.

133. Defendant has no good faith justification or defense for the conduct detailed herein, or for failing to pay the Ohio Class members' all wages mandated by the OMWFSA.

## COUNT XI
## VIOLATION OF THE OMWFSA
### Record-Keeping Violation
### (for the Ohio Class)

134. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

135. The OMWFSA, at O.R.C. § 4111.00, provides that every employer:

      shall make and keep for a period of not less than three years a record

of the name, address, and occupation of each of the employer's employees, the rate of pay and the amount paid each pay period to each employee, the hours worked each day and each work week by the employee, and other information as the director of commerce prescribes by rule as necessary or appropriate for the enforcement of section 4111.03 of the Revised Code, or of the rules thereunder.

136.    Defendant has intentionally violated the OMWFSA by failing to keep an accurate record of the Ohio Class members' pre-shift, post-shift, or meal break work time, or the fact that no wages were being paid for this work.

137.    Defendant has no good faith justification or defense for the conduct detailed herein.

WHEREFORE, Plaintiffs respectfully pray for an Order:

a.    Certifying this matter to proceed as a collective action with respect to Count I;

b.    Certifying this matter to proceed as a class action with respect to Counts II-XI;

c.    Finding that Defendant willfully violated the applicable provisions of the FLSA by failing to pay all required overtime wages to the FLSA Collective members;

d.    Finding that Defendant willfully violated the applicable provisions of California, Maryland and Ohio law by failing to pay all required wages owed to the California, Maryland and Ohio Class members and engaging in related record keeping and notice violations;

e.    Granting judgment in favor of Plaintiffs and the FLSA Collective members against Defendant on Count I;

f.    Granting judgment in favor of Plaintiffs and the California Class members against Defendant on Counts II-VI;

g.    Granting judgment in favor of Plaintiffs and the Maryland Class members against Defendant on Counts VII-IX;

h.    Granting judgment in favor of Plaintiffs and the Ohio Class members against Defendant on Counts X-XI;

i.    Awarding all available compensatory damages in amounts to be determined;

j.   Awarding pre-judgment interest on all compensatory damages due;

k.   Awarding all available civil penalties and/or restitution in amounts to be determined;

l.   Awarding all available liquidated and/or punitive damages in amounts to be determined;

m.   Awarding a reasonable attorney's fee and reimbursement of all costs and expenses incurred in litigating this action;

n.   Awarding equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint;

o.   Awarding any further relief the Court deems just, necessary, and proper; and

p.   Maintaining jurisdiction over this action to ensure Defendant's compliance with the foregoing.


## **JURY DEMAND**

Plaintiffs demand a jury trial as to all claims so triable.


Dated: December 24, 2020                           Respectfully Submitted,

*/s/ James B. Zouras*
James B. Zouras
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL  60606
312-233-1550
jzouras@stephanzouras.com

David J. Cohen (*pro hac vice* forthcoming)
STEPHAN ZOURAS LLP
604 Spruce Street
Philadelphia, PA 19106
(215) 873-4836
dcohen@stephanzouras.com

*Attorneys for Plaintiffs, the*

*Putative FLSA Collective and*
*the Putative State Law Classes*

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on December 24, 2020, I filed the attached with the

Clerk of the Court using the ECF system, which will send such filing to all attorneys of record.

*/s/ James B. Zouras*